**Andrew B. SHAPIRO, Plaintiff,**

v.

**Michael S. HAENN, et al., Defendants.**

**No. 01–CV–101–B–S.**

United States District Court,
D. Maine.

Jan. 2, 2002.

---

David M. Glasser, Esq., Camden, ME, for plaintiff.

Michael S. Haenn, Bangor, ME, pro se.

Daniel L. Cummings, Norman, Hanson & Detroy, Portland, ME, for defendants.

## ORDER DENYING MOTION TO DISMISS AND MOTION TO AMEND

SINGAL, District Judge.

Plaintiff Michael Shapiro challenges the debt collection practices of Defendant Camden National Bank and its attorney, Michael Haenn. Shapiro claims that although he fully repaid the debt he owed Camden National Bank, Defendants pursued a harassing foreclosure action against the property he had used to secure the debt. Consequently, Shapiro was forced to defend the foreclosure action through several months of discovery.

On May 24, 2001, Plaintiff filed a Complaint in this Court alleging that Defendant Haenn's conduct violated the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (Count I); and the Maine Fair Debt Collection Practices Act, 32 M.R.S.A. § 11001 *et seq.* (Count II); and that Defendant Camden National Corporation (the Bank's parent company) committed the state torts of wrongful use of civil proceedings (Count III) and abuse of process (Count IV), as well as violated the Maine Unfair Trade Practices Act, 5 M.R.S.A. § 205–A *et seq.* (Count V). Defendants answered Plaintiff's Complaint on September 14, 2001.

On September 24, 2001, Defendants moved to dismiss the action pursuant to Rule 12(b)(1) (Docket # 4). On October 10, Plaintiff moved to amend his Complaint (Docket # 7). Both Motions are presently before the Court. For the reasons stated below, the Court DENIES both Motions.

## I. MOTION TO AMEND

### A. Legal Standard

After a responsive pleading has been served, a party may amend his complaint "only by leave of court or by written consent of the adverse party." Rule 15(a).

Leave to amend "shall be freely given when justice so requires." *Id.* However, a district court is not required to grant leave to amend where the proposed amendment would be futile. *See Aversa v. United States,* 99 F.3d 1200, 1213 n. 13 (1st Cir. 1996).

**B. Discussion**

█ Plaintiff, who was a resident of South Carolina during many of the events alleged in the Complaint, seeks to add a count to his Complaint alleging that Defendant Haenn's actions violated a provision of the South Carolina Code that prohibits "using fraudulent, deceptive, or misleading representations in connection with the collection of a consumer credit transaction." S.C.Code Ann. § 37–5–108(5)(c). However, the South Carolina Code states that the provision upon which Plaintiff relies "applies to actions or other proceedings brought in [South Carolina] to enforce rights arising from consumer credit transactions or extortionate extensions of credit, wherever made." S.C.Code Ann. § 37–1–201(3). The statute thus is only available for proceedings brought in South Carolina. Plaintiff may not invoke that statute in this forum. The Court accordingly will not allow the amendment.

**II. MOTION TO DISMISS**

Defendants argue that the Court lacks subject matter jurisdiction over Plaintiff's claims and that the Complaint must be dismissed under Rule 12(b)(1). They note that the sole possible basis for federal jurisdiction is Plaintiff's claim pursuant to the federal Fair Debt Collection Practices Act (FDCPA).[1] Defendants contend that Maine has been exempted from the coverage of the FDCPA and that, therefore, the Court does not have jurisdiction over Plaintiff's FDCPA claim.

█ The Federal Trade Commission (FTC), which is the agency charged with enforcing the FDCPA, has indeed granted Maine an "exemption" from the statute. *See* Notice of Maine Exemption From the Fair Debt Collection Practices Act, 60 Fed.Reg. 66,972 (December 27, 1995). The issue here is whether that exemption eliminates Plaintiff's federal private right of action under the statute. A brief discussion of the structure of the FDCPA is useful in determining the breadth of the exemption.

The FDCPA, as originally passed, was organized into eighteen sections, numbered 801 to 818. Fair Debt Collection Practices Act, Pub.L. No. 95–109, 91 Stat. 874 (codified at 15 U.S.C. §§ 1601, 1692–1692o). Sections 803 through 812 constitute the bulk of the statute's substance, specifying the abusive debt collection practices that the statute prohibits. *Id.* at §§ 803–12 (codified at 15 U.S.C. §§ 1692a–1692j). Section 813 creates a private right of action against "any debt collector who fails to comply with any provision of this title" and grants jurisdiction to "any appropriate United States district court" or "any other court of competent jurisdiction." *Id.* at § 813 (codified at 15 U.S.C. § 1692k). Plaintiff brought the instant claim pursuant to this section.

> Finally, Section 817 provides that
>
> the Commission shall by regulation exempt from the requirements of this title any class of debt collection practices within any State if the Commission determines that under the law of that State that class of debt collection practices is subject to requirements substantially similar to those imposed by this title, and there is adequate provision for enforcement.

*Id.* at § 817 (codified at 15 U.S.C. § 1692o). The FTC has promulgated reg-

---

**1.** Plaintiff has never asserted that the Court   has diversity jurisdiction in this matter.

ulations explaining the process for obtaining an exemption under Section 817. 16 C.F.R. § 901.1 *et seq.* Among those regulations, the FTC provides that "no exemption shall extend to the civil liability provisions of Section 813 of the Act." 16 C.F.R. § 901.6(d)

Accordingly, when Maine applied for and received its exemption, the FTC expressly excluded Section 813 from the scope of the exemption. Notice of Maine Exemption, 60 Fed.Reg. at 66,976. It exempted Maine "from Sections 803–812 of the Fair Debt Collection Practices Act for various classes of debt collection practices," *id.* at 66,972, but explicitly considered and rejected the possibility of exempting Maine from Section 813. *Id.* at 66,976. ("Section 813 of the FDCPA is not included within the scope of the exemption granted by the Commission in response to Maine's request.")

The language of the exemption itself thus makes clear that it was never intended to preclude a plaintiff from taking advantage of the private right of action created by the FDCPA. Therefore, that exemption provides no basis for depriving the Court of jurisdiction over Plaintiff's claims. The Court has federal question jurisdiction over Plaintiff's FDCPA claim pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1331 and retains supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367.

## III. CONCLUSION

For the reasons stated above, the Court DENIES Defendants' Motion to Dismiss and DENIES Plaintiff's Motion for Leave to Amend Complaint.

SO ORDERED.